[Crim. No. 2867. Second Appellate District, Division One.—July 8, 1936.]

THE PEOPLE, Respondent, v. BERBIE L. BROCKMAN, Appellant.

Edgar T. Fee for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

DESMOND, J., *pro tem.*—The defendant appeals from an order imposing sentences and judgments entered in a jury-waived case, in which she was found guilty on two counts the first charging attempted murder; the second, the crime of administering poison to a human being with intent to kill, as defined in section 216 of the Penal Code.

The trial judge imposed sentence at Tehachapi Women's Division of San Quentin State Prison on each of said counts, but ordered the sentences to run concurrently.

It is claimed, upon this appeal, that neither judgment is supported by the evidence adduced; also, that the court erred in finding defendant guilty on two counts and imposing punishment on both. The argument is that the only evidence which tended to prove attempted murder was the same evidence that tended to show the administration of poison with intent to kill; in other words, that, although charged in two counts, defendant could have been convicted of only one crime upon the evidence before the court.

■ Having read the transcript, we find that there was ample evidence to support a finding that defendant administered strychnine to her son-in-law with intent to kill him. There was no evidence of any other attempt upon his life.

Section 664 of the Penal Code provides that attempted murder is punishable by a term in state prison of not more than twenty years. A violation of section 216 of the Penal Code,

administering poison with intent to kill, is punishable by a prison term of not less than ten years, which, of course, permits a life term as a maximum.

Since the .court, as a matter of fact, found the defendant guilty of violating section 216 of the Penal Code, it was warranted in imposing a state prison sentence for the longer term, and since the sentences on both counts are to run concurrently the shorter term necessarily will be served at the same time. If error arose in the decisions and judgments it was rendered harmless by the act of the court in ordering the two sentences to be served concurrently. Since the defendant has not been adversely affected in any of her substantial rights by these proceedings, there is no ground for reversal. (Sec. 1404, Pen. Code.)

 While this case does not present the same points as *People* v. *Koehn*, 207 Cal. 605 [279 Pac. 646], we believe the direction to dismiss one count there resorted to may well be followed here. Accordingly, the judgment pronounced upon count I, which charged an attempt to commit murder, is set aside and vacated, not because the offense charged in that count was not proven, but because a valid conviction was had upon the same facts under the other count charging administration of poison with intent to kill. That conviction is to stand, and under the circumstances here, one conviction and only one should stand against the defendant. The trial court is directed to dismiss count I of the information.

The decision of the court as to count II, violation of section 216 of the Penal Code, is affirmed, also the judgment thereon.

York, Acting P. J., and Doran, J., concurred.